IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18CV115

| ALLAN GHAZARIAN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SPECIALIZED BICYCLE COMPONENTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure (Doc. No. 3), and Plaintiff's Motion to Extend Time for Service of Complaint (Doc. No. 7).

**FACTUAL BACKGROUND**

Plaintiff initially filed his Complaint in state court on June 12, 2018. After receiving a copy of the file-stamped Summons and Complaint, on June 25, 2018, Plaintiff's counsel emailed a courtesy copy of the Complaint to then counsel for Defendant, William Robinson of Robinson Elliott & Smith, on June 27, 2018. However, before Plaintiff had perfected service on Defendant or come to an agreement regarding waiver of service, Defendant, through new counsel, filed its Notice of Removal on July 20, 2018.

Plaintiff has submitted the Declaration of his counsel, Ann Groninger, in support of his motion. The Groninger Declaration states, in pertinent part, as follows: Following Defendant's removal, and aware that service had not been perfected on Defendant prior to removal, Plaintiff's counsel's office contacted the Western District Court Clerk on September 4, 2018 to inquire

1

about having a federal summons issued in this case as well as to determine the appropriate procedure for serving Defendant after removal. (Groninger Decl., ¶ 4). Despite Plaintiff's counsel's office advising the Clerk's Office that Plaintiff had not yet served Defendant, the court clerk, after reviewing the case file, advised Plaintiff's counsel's office that it was unnecessary for the clerk to issue a federal summons at that time. *Id*. The clerk advised that because Defendant was in receipt of Plaintiff's Complaint and had removed to federal court, Defendant was now obligated to file a response to the Complaint. *Id*.

On October 2, 2018, as Defendant had not yet filed a responsive pleading, and out of an abundance of caution given that service was not perfected prior to removal, Plaintiff's counsel uploaded a federal civil summons to the CM/ECF portal so as to thereafter perfect service on Defendant within the required 90 days. *Id*. at ¶ 6. However, the court clerk did not sign the uploaded summons. When contacted by Plaintiff's counsel's office on November 6, 2018 to follow up regarding issuance of the uploaded federal summons, the court clerk indicated that while the Clerk's Office had received Plaintiff's uploaded summons, a signed summons was not issued because the Clerk's Office was unsure why the summons had been filed in the first place. *Id*. at ¶ 8. The court clerk again advised Plaintiff's counsel's office (due to apparent confusion surrounding Defendant's pre-service removal) that since the Defendant was in receipt of the Complaint and had removed to federal court, Defendant was now obligated to file a response to the Complaint. *Id.* Notwithstanding, the clerk indicated that, on Plaintiff's request, the clerk would go ahead and submit the summons for signature and issuance. *Id*. The summons was then issued later that same day. *Id*. It is undisputed that Plaintiff thereafter completed service on Defendant on November 9, 2018.

Defendant seeks to dismiss because the Complaint was served twenty-two days after the expiration of the 90-day time limit for service pursuant to Rule 4(m). Plaintiff seeks an extension of the time to serve to the date of service, November 9, 2018, or, in the alternative, seeks to have the Court reopen the service period to permit the Plaintiff to reserve the Defendant.

**DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "[T]o establish good cause, Plaintiff must show that he acted in good faith and demonstrate some form of due diligence in attempting service." *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003). Though not precisely defined, "'good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances." *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016) (emphasis in original).

Plaintiff's attorney should be familiar with the Federal Rules of Civil Procedure and cannot be excused from the requirement of perfecting service based upon any alleged advice or miscommunication from the Clerk's Office. But counsel error alone is not the only factor that the Court must consider. *See Id.* Some of the factors that courts consider are "(i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's *pro se* status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended." *Id.*

The Defendant has not argued that it is prejudiced by the 22 day delay in service and indeed it is hard to imagine how it could be. Defendant's attorney has been in receipt of the Complaint since June 27, 2018. The slight delay presents little, if any, impact on the proceedings. As discussed above, although Plaintiff's counsel is responsible for the delay, it is clear that she acted in good faith. While Plaintiff did not seek an extension of time prior to the deadline, the Court does not give much weight to this factor in light of Plaintiff's good faith. The time for service has not previously been extended. While Plaintiff will not be time-barred if the Court dismisses the case under Rule 4(m), he will still be prejudiced in that he would incur additional unnecessary expense and delay in refiling his case. The Court finds that applying these factors weighs in favor of a finding of good cause.

Even if the Court found good cause not to exist, the Court could still extend the time for service in its discretion. The Advisory Committee Notes on the 1993 Amendments to Rule 4, as well as the United States Supreme Court's interpretation of Rule 4(m), instruct that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996). In a case decided prior to *Henderson*, however, the Fourth Circuit interpreted a previous version of what is now Rule 4(m) to require a showing of good cause. *See Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995). While there is disagreement among district courts in the Fourth Circuit as to whether *Mendez* is still controlling, a number of district courts in this circuit, including this one, have determined that courts do have discretion to extend the time for service absent good cause and that *Mendez* is no longer controlling. *See Robinson*, 193 F. Supp. 3d. at 582; *Bolus v. Fleetwood RV, Inc.*, 308 F.R.D. 152, 156 (M.D.N.C. 2015); *Harris v. S. Charlotte Pre-Owned Auto Warehouse, LLC*, 2015 WL 1893839, at * 4, No. 3:14-cv-00307-MOC-DCK (W.D.N.C. Apr. 27, 2015); *DiPaulo v. Potter*,

570 F. Supp. 2d. 802, 807 (M.D.N.C. 2008); *Hammad v. Tate Access Floors*, 31 F. Supp. 2d 524, 527 (D. Md. 1999); *but see Chen v. Mayor of Baltimore*, 292 F.R.D. 288 (D. Md. 2013) (following *Mendez*).[1]

Where, as here, there is no evidence that Plaintiff is personally at fault, and there is no prejudice to the Defendant, the Court will exercise its discretion to enlarge the time for service. For these reasons, the Court denies Defendant's Motion to Dismiss, and exercises its discretion under Rule 4(m) to reopen and enlarge the time for service to include, *nunc pro tunc*, November 9, 2018.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby DENIED;

IT IS FURTHER ORDERED that Plaintiff's motion to extend time for service for good cause is GRANTED, as is Plaintiff's alternative motion to reopen and enlarge the time for service. The time for service is hereby enlarged, *nunc pro tunc*, to November 9, 2018.

Signed: January 24, 2019

Graham C. Mullen
United States District Judge

---

[1] The Fourth Circuit affirmed *Chen* in an unpublished, *per curiam* "for the reasons stated by the district court" decision. *Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. 2013). The Supreme Court granted a writ of *certiorari* on the issue of "[w]hether, under Federal Rule of Civil Procedure 4(m), a district court has discretion to extend the time for service of process absent a showing of good cause, as the Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits have held, or whether the district court lacks such discretion, as the Fourth Circuit has held?" *Chen v. Mayor & City Council of Baltimore*, No. 13–10400, 2014 WL 2532102 (Nov. 7, 2014). *Certiorari* was ultimately dismissed because the *pro se* plaintiff failed to file a timely brief on the merits.