# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-115-DCK

| | |
|---|---|
| ALLAN GHAZARIAN,          ) | |
| )                          | |
| Plaintiff,                ) | |
| )                          | |
| v.                        ) | **ORDER** |
| )                          | |
| SPECIALIZED BICYCLE COMPONENTS, ) | |
| INC., and PEDALS AND PINTS, INC. d/b/a ) | |
| LIGHTENING CYCLES,        ) | |
| )                          | |
| Defendants.               ) | |
| )                          | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Remand" (Document No. 23) filed September 20, 2019; and "Defendant Specialized Bicycle Components, Inc.'s Motion To Reconsider" (Document No. 26) filed October 3, 2019. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(b), and these motions are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motion to remand and deny the motion to reconsider.

## BACKGROUND

This case arises from a serious bicycle accident on August 31, 2016. As of 2016, Plaintiff was an experienced bicyclist who used his bicycle for fitness and to commute to and from work. Plaintiff typically rode his bicycle thousands of miles every year. At the time of the accident that is the subject of this case, Plaintiff was riding his Specialized Diverge bicycle.

In July 2016, Plaintiff purchased from Lightening Cycles a bicycle rack to use with his Specialized Diverge bicycle. Before purchasing the rack, Plaintiff searched online for a Specialized rack that would fit his Specialized bicycle, and he learned about the "pizza rack" that

he ultimately purchased for his bicycle. Plaintiff rode his bicycle to Lightening Cycles, where he confirmed that the "pizza rack" was suitable for his bicycle, and then waited while it was installed by employees of the store.

On August 31, 2016, Plaintiff was riding his Specialized bicycle with the newly installed "pizza rack" near Catawba County, North Carolina. As he rode over a speed bump, a piece of the rack came loose without warning, dropped down and became lodged in the front wheel of the bicycle, and caused the front wheel to abruptly stop. Plaintiff was thrown over the front handle bars, causing him to land on his face, causing serious injuries to his face, back, and shoulder. This lawsuit resulted.

Initially, Plaintiff brought a lawsuit against Specialized in Catawba County Superior Court alleging negligence and breach of warranty, among other claims. On July 20, 2018, Defendant removed the case to this Court. (Document No. 1). On August 30, 2019, Plaintiff filed a "Motion for Leave to File Amended Complaint" (Document No. 16) seeking to add Lightening Cycles as a party and to add claims against the same. Defendant Specialized did not respond to the motion, and finding the motion in order under Rule 15, the Court granted the motion on September 19, 2019. (Document No. 21).

The following day, September 20, 2019, Plaintiff filed the First Amended Complaint (Document No. 22) and a "Motion to Remand to State Court" (Document No 23). The basis for the remand argument, put simply, is that adding Lightening Cycles to the case destroys diversity as a basis for jurisdiction in the case, thus requiring that the case be remanded back to state court. Defendant Specialized has since filed several pleadings seeking reconsideration of the Court's original ruling on Plaintiff's motion for leave to amend and opposing Plaintiff's motion to remand. See (Document Nos. 26, 27, 31).

**DISCUSSION**

As a practical matter, this is straightforward, and the pending motions merge for purposes of analysis. First, Defendant Specialized has asked for reconsideration of the Court's ruling on a motion Defendant failed to respond to in the first instance. Even if Defendant had responded, the Court is satisfied it would have come to the same result.

The parties seem to differ over what standard the Court should have applied here; it appears clear that amendment was appropriate under either standard the parties wish to argue. "Defendant's Memorandum…" acknowledges that "the statute provides, 'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court **may** deny joinder, **or permit joinder and remand the action** to the State Court.'" (Document No. 27, p. 3) (quoting 28 U.S.C. §1447) (emphasis added).

The bottom line is that Plaintiff learned through discovery that Lightening Cycles is vital to the lawsuit and timely sought to amend to add Lightening Cycles to the case. Plaintiff notes that he:

> waited until Specialized provided evidence to counsel that Lightening Cycles was necessary to the litigation and only then moved to amend his complaint. . . . "Plaintiff not only added Lightening Cycles as a Defendant but added new claims to his complaint based solely on Lightening Cycles alleged negligence. Specialized has not argued, nor can it, that these new allegations fail to state a legitimate claim against Lightening Cycles.

(Document No. 30, p. 3).

Plaintiff's position seems utterly appropriate and consistent with the pursuit of a just and efficient result in the litigation. Respectfully, the court will not reconsider its earlier ruling on Plaintiff's motion to amend.

Second, given that the amendment is in order, the result on Plaintiff's motion to remand is apparent. Diversity was the sole basis for federal jurisdiction in this matter. For the reasons set forth in Plaintiff's pleadings on this subject, the motion to remand is granted, and this matter is remanded back to state court for further proceedings.

## CONCLUSION

For the reasons stated, the undersigned finds Plaintiff's arguments persuasive. Amendment to the Complaint was proper; remand is now required.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Remand" (Document No. 23) is **GRANTED**. This matter shall be **REMANDED** to the Superior Court of Catawba County, North Carolina.

**IT IS FURTHER ORDERED** that Defendant's "Motion to Reconsider" (Document No. 26) is **DENIED**. Respectfully, the Court will not reconsider its earlier ruling on Plaintiff's "Motion for Leave to File an Amended Complaint" (Document No. 16).

**SO ORDERED**.

Signed: November 27, 2019

David C. Keesler
United States Magistrate Judge